UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOISHE EANONE EAYOHEN, | |
| Petitioner, | CIVIL ACTION NO. 1:14-CV-00424 |
| v. | (CONNER, C.J.) (MEHALCHICK, M.J.) |
| ONE UNKNOWN NAMED FBI SPECIAL AGENT, et al., | |
| Respondents | |

**REPORT AND RECOMMENDATION**

On March 7, 2014, the Court received and filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 and complaint by Petitioner, Moishe Eanone Eayohen. (Doc. 1). Eayohen is currently incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio. He was charged in the United States District Court for the Western District of New York in Buffalo, New York, and is currently a federal pretrial detainee. (Doc. 1). He is also currently serving a sentence after having been convicted and sentenced by the Connecticut Superior Court in New Haven, Connecticut. Eayohen challenges the pretrial detention, detainer, and validity of his conviction or sentence imposed. The correctional center in Youngstown, Ohio, is located in the United States District Court for the Northern District of Ohio. None of the people, property, or events described in the petition appear to have any connection to this federal judicial district, the Middle District of Pennsylvania.

Based upon the Court's review of the facts alleged in the petition, it is clear that venue is not proper in this federal judicial district and that the Middle District of Pennsylvania lacks jurisdiction. "[T]he general rule that for core habeas petitions challenging present physical

confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld*, 542 U.S. at 447. As Petitioner is currently a federal pretrial detainee held in custody in the Northern District of Ohio, this Court lacks jurisdiction. It will be in the interest of justice to transfer this petition to the United States District Court for the Northern District of Ohio where the petitioner is in custody of the U.S. Marshal Service. *See* 28 U.S.C. § 1406(a) (authorizing transfer to proper venue); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962) (allowing venue transfers under § 1406(a) in the absence of jurisdiction).

Based on the foregoing, it is recommended that this case be transferred to the United States District Court for the Northern District of Ohio for further proceedings pursuant to 28 U.S.C. § 1406(a).

Dated: March 10, 2014

BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOISHE EANONE EAYOHEN, | |
| Petitioner, | CIVIL ACTION NO. 1:14-CV-00424 |
| v. | (CONNER, C.J.) |
| | (MEHALCHICK, M.J.) |
| ONE UNKNOWN NAMED FBI SPECIAL AGENT, et al., | |
| Respondents | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 10, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 10, 2014**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**