**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MOISHE EANONE EAYOHEN,** | : | **CIVIL ACTION NO. 1:14-CV-0424** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ONE UNKNOWN NAMED FBI SPECIAL** | : | |
| **AGENT,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 4th day of April, 2014, upon consideration of the report and

recommendation (Doc. 4) of Magistrate Judge Karoline Mehalchick, filed March 10,

2014, wherein the magistrate judge concludes that venue does not lie within this judicial

district and recommends the court transfer the matter *sub judice* to the United States

District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a), id. ("The

district court of a district in which is filed a case laying venue in the wrong . . . district

shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in

which it could have been brought."), and, following an independent review of the record

and the petition for a writ of habeas corpus (Doc. 1) filed by Moishe Eanone Eayohen

("Eayohen"), and the court acknowledging the general rule that jurisdiction over habeas

petitions challenging present confinement lies within the district of confinement, see

Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004), and that Eayohen is presently incarcerated

in Youngstown, Ohio, which falls within the venue of the District Court for the Northern

District of Ohio, and thus agreeing with the magistrate judge that venue within this

judicial district is improper, and it further appearing that Eayohen has not objected to

the magistrate judge's report, and that there is no clear error on the face of the record,[1]

see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely

object to [a report and recommendation] in a civil proceeding may result in forfeiture of

de novo review at the district court level"), it is hereby ORDERED that:

1.    The report of the magistrate judge (Doc. 4) is ADOPTED in its entirety.

2.    The Clerk of Court is directed to TRANSFER this matter to the United
      States District Court for the Norther District of Ohio forthwith.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").  The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.